UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS SQUIRE<br>220 16th Street<br>Elyria, Ohio 44035 | ) CASE NO.<br>)<br>) JUDGE<br>) |
| Plaintiff, | ) MAGISTRATE JUDGE<br>) |
| vs. | ) **PLAINTIFF'S COMPLAINT**<br>) |
| MILLER RECOVERY SERVICE, INC.<br>4500 Lee Road<br>Cleveland, OH 44128 | ) (Jury Demand Endorsed Herein)<br>)<br>)<br>) |
| and | )<br>) |
| VANCE MILLER<br>c/o Miller Recovery Service, Inc.<br>4500 Lee Road<br>Cleveland, OH 44128 | )<br>)<br>)<br>) |
| And | )<br>) |
| ROSA MILLER<br>c/o Miller Recovery Service, Inc.<br>4500 Lee Road<br>Cleveland, OH 44128 | )<br>)<br>)<br>) |
| Defendants. | ) |

Now comes Plaintiff, Nicholas Squire, by and through counsel, and for his Complaint against Miller Recovery Service, Inc., Vance Miller, and Rosa Miller (collectively "Miller Recovery" or "Defendants"), states and alleges the following:

## **INTRODUCTION**

1. Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff the minimum wage for all of the hours he worked, and overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek, in

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants' conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Lorain County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendants maintained their principal place of business in Cuyahoga County, Ohio.

8. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## **FACTUAL ALLEGATIONS**

13. Defendants are in the repossession business and provide full service repossession services, including collateral locating, collateral recovery, collateral transportation, locksmith services, investigation, skip tracing, replevin, and impound.

14. Plaintiff was employed by Defendants between July 2015 and August 2016 as a Repo Agent.

15. Plaintiff's job duties included repossessing collateral and assisting in repossessing collateral.

16. Defendants classified Plaintiff as an independent contractor.

17. Plaintiff was paid per car that he repossessed or assisted in repossessing.

18. Defendants failed to compensate Plaintiff overtime for hours worked over 40 per week and/or minimum wages for certain weeks.

19. Defendants controlled the manner in which Plaintiff performed his work, including the hours and days he worked, how he performed his work, and the rules and policies that he was required to follow.

20. Defendants scheduled the work of Plaintiff, required him to attend company meetings, and prohibited him from working for other repo companies.

21. Defendants required Plaintiff to work a predetermined schedule and did not allow him to work for other repossession companies while working for Defendants.

22. Defendants provided Plaintiff with the equipment needed to perform his job, including, but not limited to, a computer, computer software, GPS tags, and during certain periods of his employment, vehicles to drive or ride in.

**(Failure to Pay Overtime Compensation)**

23. Defendants failed to pay Plaintiff overtime compensation for the hours he worked over 40 each workweek.

24. Plaintiff estimates that he worked approximately 70 hours per week on average.

25. Defendants had knowledge that Plaintiff worked over 40 hours per week.

26. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for all of the hours he worked in excess of 40 hours each week.

**(Failure to Pay Minimum Wages)**

27. Defendants failed to pay Plaintiff the minimum wage.

28. Plaintiff estimates that he worked approximately 70 hours per workweek.

29. Defendants knowingly and willfully failed to pay Plaintiff minimum wages.

**(Failure to Keep Accurate Records)**

30. Defendants failed to make, keep, and preserve records of hours worked by Plaintiff.

31. As a result of Defendants' record-keeping policies, the work Plaintiff performed is unrecorded in Defendants' time and earnings records.

**(Defendants Willfully Violated the FLSA)**

32. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Defendants' practice and policy of misclassifying Plaintiff as an independent contractor violated the FLSA, 29 U.S.C. § 213(a)(1).

35. Defendants' failure to pay Plaintiff the applicable minimum wage for all of the hours he worked each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

36. Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half his regular rate of pay for all of the hours he worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

37. Defendants' failure to keep accurate records of all of the hours Plaintiff worked each workday and the total hours Plaintiff worked each workweek violated the FLSA, 29 C.F.R. § 516.2(a)(7).

38. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

39. As a result of Defendants' practices and policies, Plaintiff has been damaged in that he had not received wages due to him pursuant to the FLSA.

## COUNT TWO
### (Ohio Minimum Fair Wage Standards Act Violations)

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Defendants' practice and policy of misclassifying Plaintiff as an independent contractor violated the OMFWSA, O.R.C. §§ 4111.03 and 4111.14.

42. Defendants' failure to pay Plaintiff the applicable minimum wage for all of the hours he worked each workweek violated the OMFWSA, O.R.C. § 4111.14.

43. Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek violated the OMFWSA, O.R.C. §§ 4111.03 and 4111.10.

44. Defendants' failure to keep records of all of the hours Plaintiff worked each workday and the total hours Plaintiff worked each workweek violated the OMFWSA, O.R.C. § 4111.08.

45. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

46. As a result of Defendants' practices, Plaintiff has been damaged in that he has not received wages due to him pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff actual damages for unpaid minimum wages;

C. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

D. Award Plaintiff liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff under the OMFWSA;

E. Award Plaintiff pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff attorneys' fees, costs, and disbursements; and

G. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ David J. Steiner
David J. Steiner (0075217)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
david@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ David J. Steiner
One of the Attorneys for Plaintiff